**Raymond R. JAMES, Appellant,**

v.

**Robert M. REESE, Warden, Appellee.**

**No. 75–2179.**

United States Court of Appeals,
Ninth Circuit.

Dec. 10, 1976.

C. Michael Buzzell, Deputy Atty. Gen., State of California, San Francisco, Cal., for appellee.

Joseph D. Allen, Ukiah, Cal., for appellant.

Before WRIGHT and SNEED, Circuit Judges, and LUCAS, District Judge.*

PER CURIAM:

Raymond James appeals from the dismissal of his petition for a writ of habeas corpus by the district court, alleging that the district court erred in denying his petition without an evidentiary hearing or a review of the complete state record, and that it abused its discretion in refusing to appoint counsel to assist him. This court has jurisdiction under 28 U.S.C. § 2253, a certificate of probable cause having been issued by the district court pursuant to a timely notice of appeal.

Petitioner was convicted of voluntary manslaughter in the Superior Court, State of California. The conviction and sentence were affirmed by the California Court of Appeal in an unpublished opinion. Petitioner then sought relief in the California Supreme Court, but his petition for a hearing was denied.

After an improper attempt to seek habeas corpus relief from this court, petitioner filed a *pro se* petition for a writ of habeas corpus in the district court where he made the following contentions: (1) that he was denied the right to a speedy trial; (2) that he was held without bail prior to his conviction in violation of his rights to due process of law; (3) that he was held to answer on an information and not on an indictment by a grand jury as required by the Constitution; (4) that he did not have effective assistance of competent counsel; (5) that errors in the instructions rendered the trial fundamentally unfair inasmuch as the trial court did not instruct the jury on voluntary or involuntary manslaughter; (6) that certain favorable evidence was not disclosed to the jury in violation of his rights to due process; (7) that he was deprived of his right against self-incrimination by the use of a statement made near the time of his arrest; and (8) that the California Supreme Court denied him a hearing on his appeal in violation of his rights to due process. Additionally, petitioner sought a motion for leave to proceed *in forma pauperis,* and requested the appointment of counsel to represent him in the proceeding.

The district court granted petitioner's motion to proceed *in forma pauperis* and

---

* Honorable Malcolm M. Lucas, United States District Judge of the Central District of California, sitting by designation.

dismissed his petition, granting leave to amend only with respect to the issue of self-incrimination. No counsel was appointed to assist petitioner in the preparation of the amended petition. Thereafter, the district court, without an evidentiary hearing or a review of the transcript of the state trial court proceedings, dismissed petitioner's amended petition without leave to amend pursuant to 28 U.S.C. § 1915(d). In the order accompanying the judgment the district court indicated that with respect to some of the claims raised in his petition, appellant had failed to exhaust his state remedies.

For the reasons which follow, we affirm the district court.

This court has recently held that where a habeas corpus petitioner has not exhausted available state remedies with respect to all contentions raised in his federal petition, a court should decline to decide any issue raised until the available state remedy for every issue is exhausted. *Gonzales v. Stone*, 546 F.2d 807 (9th Cir. 1976).

█ As will be developed later, it is on this basis that we affirm. This court has the power and obligation to affirm correct decisions, even though the lower court may have relied upon an incorrect basis. *Helvering v. Gowran*, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937). Thus, even if the district court dismissed James' petition for the writ on the basis of 28 U.S.C. § 1915(d), this apparent error is not fatal. The court may affirm on any ground squarely presented on the record. *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957); *M.O.S. Corp. v. John I. Haas Co.*, 375 F.2d 614 (9th Cir. 1967).

Petitioner has not satisfied the requirements of 28 U.S.C. § 2254(b) with respect to claims four, six, and seven.

The record before us does not indicate that petitioner adequately presented to the California appellate courts that favorable evidence was withheld from the jury or that he was deprived of his right against self-incrimination by the use of a statement made near the time of his arrest. His claim that he did not have effective assistance of competent counsel was presented to the state courts in a different context. In his state appeal James contended that his lawyer was incompetent because of counsel's failure to raise certain points and his manner of conducting petitioner's defense. Presently James alleges also a conflict of interest. If raised in the state courts, this additional factor might have provided him with the relief he seeks. *See Burnside v. Sigler*, 451 F.2d 987, 988 (8th Cir. 1971).

█ On the authority of *Gonzales v. Stone, supra*, the correct procedure is to affirm the district court's dismissal and avoid addressing the merits of any issue until the available state remedies are exhausted as to every issue in the petition. This rule will be applied where no mitigating factors exist to commend a different disposition.[1]

█ Although we need not reach the issue, we do note that the district court correctly dismissed the petition pursuant to 28 U.S.C. § 1915(d) with respect to claims two, three, five and eight. Failure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding. *Grech v. Wainwright*, 492 F.2d 747, 748 (5th Cir. 1974). Similarly, the failure of the state to proceed on an indictment does not present a federal question. The grand jury requirement of the Fifth Amendment is not applicable to the states, and accordingly, prose-

---

1. Such mitigating factors may consist of undue delay in the state court or when there is a reasonable explanation for the failure to allege the unexhausted claims earlier. In a different context, the Advisory Committee Note to the new Rule 9 Governing § 2254 Proceedings notes that a petitioner's failure to assert a ground in a prior petition may be excusable when there has been a retroactive change in the law or newly discovered evidence. The new rule, effective Feb. 1, 1977 [20 Crim.L. Rptr. 1013 (Oct. 27, 1976)], is intended to minimize abuse of the habeas corpus writ by limiting the right to assert stale claims and to file multiple petitions. *See* H.R. Doc. No. 464, 94th Cong., 2 Sess. 135 (1976).

cution via an information is not unconstitutional. *Morford v. Hocker*, 394 F.2d 169, 170 (9th Cir.), *cert. denied*, 392 U.S. 944, 88 S.Ct. 2329, 20 L.Ed.2d 1406 (1968). The contention that petitioner did not receive bail refers to a prior detention and is presently moot. *See Plumley v. Coiner*, 361 F.Supp. 1117, 1121 (S.D.W.Va.1973). Finally, the allegation that the petitioner, even in the absence of an allegation of invidious discrimination, has a due process right to be granted a hearing by the California Supreme Court is simply without merit. *See Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *People v. Davis*, 147 Cal. 346, 348, 81 P. 718 (1905).

AFFIRMED.