995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BURCH, Jr., Petitioner-Appellant,
v.
Brian GUNN, Warden, Respondent-Appellee.
 No. 92-56174.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Burch, Jr., a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Burch was convicted by jury trial of first degree murder. Burch contends that his conviction is invalid because the jury was not instructed properly. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Burch contends that the trial court's failure to give several proposed jury instructions violated his due process rights. An allegedly improper jury instruction will merit habeas relief only if "the instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 112 S.Ct. 475, 482 (1991), (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); Jeffries v. Blodgett, 988 F.2d 923, 938 (9th Cir.1993).
 
 
 4
 The trial court deleted the last sentence of Burch's proposed jury instruction # 2. That sentence read: "Substantially more reflection, that is more understanding and comprehension of the character of the act is required to show a deliberate and premeditated killing than may be involved in the mere amount of thought necessary to form the specific intent to kill." Burch argues that, without this sentence, the jury may have believed that evidence of an intent to kill was sufficient to prove first degree murder. However, the instruction which was given clearly differentiated between evidence showing an intent to kill and evidence showing deliberation and premeditation.[1] The additional sentence Burch requested was merely repetitive. Accordingly, the deletion of that sentence did not violate Burch's due process rights. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 
 5
 Burch also argues that the trial court should have given his proposed instruction # 3. The proposed instruction had three parts: the first cautioned the jury that, although reasonable inferences could be drawn from the evidence, mere suspicion or conjecture does not constitute proof. Because the jury was properly instructed on the inferences they could draw from the evidence, this part of the proposed instruction was unnecessary. The second part of the proposed instruction detailed the kinds of evidence that the California Supreme Court has found probative of premeditation and deliberation. This part of the instruction was also unnecessary, since the instructions given adequately defined the terms premeditation and deliberation. The final part of the offered instruction states that evidence of strangulation by ligature, without more, is not sufficient to prove premeditation and deliberation. We agree with the district court that this instruction was unwarranted; there was evidence that the victim had not only been strangled, but also stabbed and beaten. Accordingly, we find that the jury instruction proposed by Burch was properly denied, and that the jury instruction as given did not offend due process. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 
 6
 Burch argues further that the trial court should have given an instruction on voluntary manslaughter. In a non-capital case, a state court's failure to instruct the jury on a lesser included offense does not implicate the constitution, and will not be considered in a federal habeas corpus proceeding unless the court's failure to give the requested instruction prevents the defendant from presenting his theory of the case. Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.1984), cert. denied, 469 U.S. 838; James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (per curiam). Here, Burch does not argue that the trial court's failure to instruct the jury on voluntary manslaughter deprived him of an opportunity to present a defense. Accordingly, no constitutional error was committed.
 
 
 7
 Burch's final contention is that the instruction given regarding malice, CALJIC § 8.11, is unconstitutionally ambiguous. We find no ambiguity in the instruction. Cf. Marino v. Vasquez, 812 F.2d 499, 505, n. 7 (9th Cir.1987) (CALJIC § 8.11 fully sets forth the concepts of express and implied malice).[2]
 
 
 8
 Because the jury instructions, as given, did not "so infect[ ] the entire trial that the resulting conviction violates due process," the district court did not err in dismissing the petition. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Burch's "Request for Court to Take Judicial Notice" as a renewed request for appointment of counsel. So construed, the request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The instruction given included the following language:
 a mere unconsidered or rash impulse hastily executed, even though it includes a specific intent to kill, is not such deliberation and premeditation as will fix an unlawful killing as murder of the first degree. To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill.
 
 
 [2]
 Burch raises several issues for the first time in his opening brief to this Court, including: (1) there was insufficient evidence to support a verdict of first degree murder, and (2) his sentence was improperly enhanced on the basis of a prior conviction in another state. However, because Burch failed to raise these issues in his habeas petition, we decline to entertain them on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)