5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gerardo Ramirez HERNANDEZ, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden; Dan Lungren; Attorney General of
California, Respondents-Appellees.
 No. 92-56561.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-92-00726-JSL, J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerardo Ramirez Hernandez, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Hernandez contends that the jury was not instructed properly and that there was insufficient evidence of premeditation and deliberation to convict him of first degree murder. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 Jury Instructions
 
 3
 An allegedly improper jury instruction will merit habeas relief only if "the instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 112 S.Ct. 475, 482 (1991), (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); Jeffries v. Blodgett, 988 F.2d 923, 938 (9th Cir.1993). It is not sufficient for the petitioner to show that the instruction is erroneous; the petitioner must establish that there is a reasonable likelihood that the jury applied the instruction in a manner that violated a constitutional right. Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993).
 
 A. Voluntary Manslaughter Instruction
 
 4
 Hernandez contends that the trial court erred by withdrawing a previously-given instruction on voluntary manslaughter. Hernandez contends that the trial court erred by withdrawing a previously-given instruction on voluntary manslaughter. Hernandez argues that even though he chose to rely on an alibi defense, there was sufficient evidence of provocation to warrant a voluntary manslaughter instruction.[1]
 
 
 5
 The trial court instructed the jury prior to closing arguments, and gave a manslaughter instruction based on defense counsel's indication that he would argue a provocation theory to the jury. Defense counsel decided to limit his closing argument to attacking the eyewitness testimony against Hernandez and arguing an alibi defense. The trial court asked Hernandez if he understood that the jury would not be able to find him guilty of manslaughter if the instruction were withdrawn, and if his decision not to argue provocation was voluntary. Hernandez responded affirmatively. The trial court then instructed the jury to disregard the previously-given instruction.
 
 
 6
 In a non-capital case such as this one, a state court's failure to instruct the jury on a lesser included offense does not implicate the constitution unless the court's failure to give the requested instruction prevents the defendant from presenting his theory of the case. Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.), cert. denied, 469 U.S. 838 (1984); James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (per curiam). Here, defense counsel declined to argue a provocation theory, and Hernandez consented to the withdrawal of the instruction. Because the trial court's withdrawal of the instruction did not prevent Hernandez from arguing his theory of the case, this issue is not cognizable in federal habeas corpus. See Bashor, 730 F.2d at 1240.
 
 
 7
 b. Flight Instruction
 
 
 8
 Hernandez contends that the trial court should not have instructed the jury that they could consider the defendant's flight as evidence of his guilt. The trial court gave CALJIC 2.52, which instructs the jury that a person's flight immediately after a crime is committed or after he is accused of committing a crime is not sufficient to establish guilt, but may be considered, along with other evidence, in determining guilt or innocence. There was evidence presented both that the perpetrator fled from the scene of the crime, and that Hernandez went to Mexico without taking any of his possessions on the day his girlfriend found out the police were looking for him. This evidence is sufficient to warrant a flight instruction. Further, because the jury was explicitly instructed that evidence of flight is not sufficient alone to prove guilt, Hernandez cannot show that the instruction was applied in a manner that violated his constitutional rights. See Carriger, 971 F.2d at 334. Accordingly, we find that this instruction did not violate Hernandez's due process rights. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 
 9
 c. Lying In Wait Instruction
 
 
 10
 Hernandez contends that there was insufficient evidence to warrant an instruction on lying in wait. He also argues that the trial court's oral instruction was incorrect, and impermissibly reduced the prosecution's burden of proof.
 
 
 11
 A murder perpetrated by lying in wait is an intentional murder committed in circumstances including "(1) a concealment of purpose, (2) a substantial period of watching and waiting for an opportune time to act, and (3) immediately thereafter, a surprise attack on an unsuspecting victim from a position of advantage." People v. Hardy, 825 P.2d 781, 825 (Cal.1992) (quoting People v. Morales, 770 P.2d 244 (Cal.1989)), cert. denied, 113 S.Ct. 498 (1993). Premeditation and deliberation need not be separately proved to show that a murder committed by lying in wait is murder in the first degree; lying in wait is considered the functional equivalent of proof of premeditation and deliberation. See Cal.Penal Sec. 189; Hardy, 825 F.2d at 824.
 
 
 12
 Here, the testimony of Ms. Dugan, a witness to the shooting, established that Hernandez stepped into the center of the street when the victim approached on his bicycle, and that Hernandez then aimed at and shot the victim four times. Thus, the jury could have inferred that Hernandez was familiar with the victim's routine, and was watching and waiting for the victim to approach on his bicycle route to work. When the victim arrived, Hernandez was able to catch him unaware and kill him. This evidence is sufficient to warrant a lying in wait instruction. See Hardy, 825 P.2d at 825. We find no due process violation. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 
 13
 The trial court read the jury instructions aloud. The lying in wait instruction was misread: instead of saying "lying in wait may continue for any particular period of time provided that its duration is such as to show a state of mind equivalent to premeditation and deliberation," the trial court stated that lying in wait must show a state of mind that could go to premeditation or deliberation. The instructions were given both orally and in writing; the written instruction was correct.
 
 
 14
 The jury was also instructed to follow only the final, written version of the instructions. Because we must presume that the jury followed the instructions given by the court, see United States v. Alston, 974 F.2d 1206, 1210 (9th Cir.1992), we find that the instruction to follow only the final written instructions cured the earlier oral misstatement. The jury had the proper instructions with it in the jury room during deliberation, and there is no indication in the record that the variance between the written and oral lying in wait instruction confused the jury or led it to impose a lower standard of proof. Hernandez cannot show that the misread instruction was applied in a way that violated his constitutional rights. See Carriger, 971 F.2d at 334. Accordingly, Hernandez's due process rights have not been violated. See Estelle, 112 S.Ct. at 482; Jeffries, 988 F.2d at 938.
 
 Sufficiency of the Evidence
 
 15
 In deciding whether the evidence is sufficient to sustain a conviction, we must view that evidence in the light most favorable to the prosecution and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). This standard must be applied in reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. at 324 n. 16. If the record could support conflicting inferences, this Court must presume that the factfinder resolved such conflicts in favor of the prosecution, and must defer to that resolution. Id. at 326; Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), petition for cert. filed, (U.S. May 18, 1993) (No. 92-8967).
 
 
 16
 Hernandez was convicted of first degree murder. The jury was presented with two theories of first degree murder: (1) premeditated and deliberate murder, and (2) murder perpetrated by lying in wait. Hernandez contends that there was insufficient evidence of premeditation and deliberation to convict him of first degree murder under the former theory.
 
 
 17
 Premeditated and deliberate murder is the result of preexisting reflection, a calculated judgment and decision to kill, rather than an unconsidered or rash impulse. See People v. Perez, 831 P.2d 1159, 1162 (Cal.1992); CALJIC No. 8.20. In determining whether a murder was premeditated and deliberate, the reviewing court should consider evidence of (1) planning activity, (2) motive, and (3) manner of killing. See People v. Pride, 833 P.2d 643, 674 (Cal.1992), cert. denied, 113 S.Ct. 1323 (1993); Perez, 831 P.2d at 1163-66. However, these factors need not be present in any particular combination, nor accorded any particular weight. Pride, 833 P.2d at 674.
 
 
 18
 Based on the evidence presented at trial, a rational trier of fact could have found that Hernandez knew for at least a month before the shooting that the victim had raped his girlfriend. From this, the jury could infer not only that Hernandez had a motive to shoot the victim, but also that Hernandez had time to cool down before acting, and thus that the shooting was not a rash act. See Perez, 831 P.2d at 1162. Evidence was presented that Hernandez was waiting in the early hours of the morning for the victim to ride by on his bicycle on the way to work; the jury could infer that Hernandez had planned to bring a gun to a place where he knew the victim would be, and killed him at a time when very little activity would be taking place. See People v. Thomas, 828 P.2d 101, 115 (Cal.1992), cert. denied, 113 S.Ct. 1006 (1993). The victim was shot four times while riding his bicycle. The jury could reasonably infer a deliberate intent to kill from the utter lack of provocation and the repeated firing. See People v. Lunafelix, 214 Cal.Rptr. 33, 35-36 (Cal.Ct.App.1985). We conclude that there was sufficient evidence for a rational trier of fact to find that the killing was premeditated and deliberate beyond a reasonable doubt. See Jackson, 443 U.S. at 319.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hernandez discovered, approximately one month before the murder, that the victim had raped Hernandez's girlfriend about three years before. Hernandez argues that this is sufficient evidence that he acted in the heat of passion