33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Michael THURMAN, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 93-15330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1994.*
Decided Aug. 10, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted James Michael Thurman of first degree murder, use of a deadly weapon, grand theft person, and felony dissuasion of a witness. Thurman appealed to the California Court of Appeal, which affirmed his conviction and sentence. Thurman then filed two state habeas petitions, one in the state court of appeal and the other in the state supreme court. Both state petitions were denied.
 
 
 3
 Thurman then filed a petition for habeas relief in federal district court, arguing: 1) the trial court erred by failing to instruct on second degree murder and manslaughter; 2) Thurman was denied his right to trial by jury because the trial court did not clarify the difference between first and second degree murder; 3) the trial court failed to comply with California Penal Code Sec. 1138, thus denying his right to due process; 4) the trial court failed to declare mistrial because of jury deadlock on the use of a deadly weapon; and, 5) ineffective assistance of counsel.[1] The district court denied the petition, and Thurman appeals pursuant to 28 U.S.C. Sec. 2253 (1988). We review de novo a district court's denial of a habeas petition. Prantil v. California, 843 F.2d 314, 316 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 4
 I. Failure to Instruct on Lesser-Included Offense
 
 
 5
 Thurman alleges his right to due process was violated because the trial court did not sua sponte instruct the jury on second degree murder and manslaughter. The record reflects, however, that the trial court did instruct on second degree murder.[2] Although the Supreme Court has held that a state court may not impose a sentence of death if the jury was not instructed on a lesser included non-capital offense where the evidence would have supported such a verdict, see Beck v. Alabama, 447 U.S. 625 (1980), this Circuit has not extended the rule to non-capital cases. We have held that "[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." James v. Reese, 546 F.2d 325, 327 (9th Cir.1976); see also Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.), cert. denied, 469 U.S. 838 (1984). We therefore reject this claim as a basis for habeas relief.
 
 II. Clarification of Jury Instructions
 
 6
 During deliberations the jurors had a question concerning the difference between first and second degree murder. In response to the question, the judge reiterated the following instruction: "If you find the defendant guilty of the offense of murder but have a reasonable doubt as to whether it is of the first or second degree, it is your duty to find him guilty of that crime in the second degree." The judge then asked the jury to continue deliberating.
 
 
 7
 The jury returned with a guilty verdict on three counts: 1) murder in the second degree; 2) grand theft person; and, 3) prevention or dissuasion of a witness. The jury was unable to agree whether Thurman had used the axe. After polling the jury, the judge realized that although the jury returned a unanimous verdict as to murder, the jurors did not unanimously agree it was second degree.[3] The judge explained to the jury that the verdict as to degree had to be unanimous and sent the jury back to deliberate. Over an hour later, the jury returned guilty verdict for first degree murder. It also found that defendant used an axe in the commission of the murder.
 
 A. Due Process
 
 8
 Thurman alleges he was denied his constitutional right to due process because the court failed to comply with California Penal Code Sec. 1138. However, habeas relief is only available "on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986); see also Engle v. Isaac, 456 U.S. 107, 119 (1982).
 
 
 9
 [I]t is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.
 
 
 10
 Id. Therefore, only if the judge's clarification of the distinction between first and second degree murder " 'by itself so infected the entire trial that the resulting conviction violates due process,' " Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 145 (1973)), will we grant Thurman's petition.
 
 
 11
 Thurman claims the judge should have reiterated the specific instructions concerning the elements of first and second degree murder, instead of telling the jurors that if they found Thurman guilty of murder, but had a reasonable doubt that it was first degree murder, they should find him guilty of second degree murder. "In determining the effect of this instruction on the validity of [Thurman's] conviction, we [recognize] ... that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). The jury had already been given instructions for both first and second degree murder. They did not ask a question concerning the elements of either of these charges, but asked about the distinction between the two. Viewing the clarification in the context of the entire charge, we conclude that the judge's reiteration of the instruction did not infect the trial.
 
 B. Double Jeopardy
 
 12
 Thurman next claims the judge's attempted clarification subjected him to double jeopardy because the trial court is obligated to afford the jury an opportunity to render a partial verdict of acquittal on the greater offense. Thurman did not raise this argument before the district court. "Except where necessary to prevent a manifest miscarriage of justice, ... an appellant may not urge, as a ground for reversal, a theory which he did not present [to the district court]." Thomason v. Klinger, 349 F.2d 940, 940-41 (9th Cir.1965). Thurman has made no showing of manifest injustice, so we will not consider this argument.
 
 
 13
 Even if we were to consider the argument, Thurman would not prevail. Double jeopardy ensures that "once a person has been acquitted of an offense he cannot be prosecuted again on the same charge." Green v. United States, 355 U.S. 184, 192 (1957) (emphasis added); see also Richardson v. United States, 468 U.S. 317, 325 (1984) ("jeopardy does not terminate when the jury is discharged because it is unable to agree"); United States v. Martin Linen Supply Co., 430 U.S. 564, 570-72 (1977). At the time the judge clarified the instructions, Thurman had not been acquitted of the murder charge because the jury's verdict was not unanimous. The trial court therefore could not have subjected Thurman to double jeopardy.
 
 C. Right to Jury Trial
 
 14
 Thurman claims he was denied his right to a jury trial because the judge sent the jury back to continue deliberating about the degree of murder. Thurman contends the manner in which the judge instructed the jury intimated that the jury should find Thurman guilty of murder. The judge stated: "I think you ought to go back and talk about it a little more about the degree." The Supreme Court has held that if "under all the circumstances [a] judge's statement had [a] coercive effect," the defendant should be given a new trial. Jenkins v. United States, 380 U.S. 445, 446 (1965) (per curiam); see also Bollenback v. United States, 326 U.S. 607 (1946). In the instant case, the jury had already reached a unanimous decision that Thurman was guilty of murder. The jury only disagreed as to whether it was in the first or second degree. Under these circumstances, the judge's instructions did not coerce the jury into finding Thurman guilty.
 
 III. Ineffective Assistance of Counsel
 
 15
 To show ineffective assistance of counsel, a criminal defendant must show 1) counsel's performance fell below an objectively reasonable performance, and 2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990).
 
 
 16
 A. Failure to Request Manslaughter Instruction
 
 
 17
 The court offered to give manslaughter instructions, but Thurman's attorney declined to request them. Thurman argues his attorney's failure to request manslaughter instructions supports his claim of ineffective assistance of counsel. We considered a similar claim in Butcher v. Marquez, 758 F.2d 373, 376-77 (9th Cir.1985). In that case, we stated that "counsel's strategic choice to forgo an instruction for voluntary manslaughter was reasonable because counsel had good cause to believe that further efforts to obtain such an instruction would harm [the defendant's] case." Id. at 376. As in Butcher, Thurman's defense was an alibi defense--that he was at a bar with a companion at the time of the victim's death. "Defense counsel need not request instructions inconsistent with its trial theory." Id. at 377. Thus, counsel's decision not to request the manslaughter instruction was not objectively unreasonable.
 
 B. Failure to Move for Mistrial
 
 18
 Thurman argues he was denied effective assistance of counsel because his attorney did not move for a mistrial. However, even if Thurman's attorney had moved for a mistrial, the court would have had no grounds for granting the motion. As discussed earlier, the jury already had concluded that Thurman was guilty of murder. The judge's request that the jury return to deliberate as to the degree did not coerce the jury into reaching a guilty verdict. See Jenkins, 380 U.S. at 446. Because there was no grounds for the motion, failure to make it was objectively reasonable conduct.
 
 C. Change of Attorney
 
 19
 Thurman claims he was denied effective assistance of counsel because a different attorney represented him during the jury proceedings than at trial. Thurman did not raise this claim before the district court. "Except where necessary to prevent a manifest miscarriage of justice, ... an appellant may not urge, as a ground for reversal, a theory which he did not present [to the district court]." Thomason v. Klinger, 349 F.2d 940, 940-41 (9th Cir.1965). Thurman has made no showing of manifest injustice, so we will not consider this argument.
 
 
 20
 We AFFIRM the district court's denial of Thurman's petition for writ of habeas corpus.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner did not raise any of his arguments in his state-court trial or appeal. Normally, such a failure would bar consideration of petitioner's habeas petition. See Wainwright v. Sykes, 433 U.S. 72 (1977). However, because respondent failed to raise this issue in the district court or before us, we will consider the habeas petition. Jenkins v. Anderson, 447 U.S. 231, 234 n. 1 (1980); Suniga v. Bunnell, 998 F.2d 664, 667 (9th Cir.1993)
 
 
 [2]
 Thurman claims nothing in the instructions defined second degree murder, but the record shows otherwise. The judge gave CALJIC 8.10, which defines "murder," and CALJIC 8.20, which defines "deliberate and premeditated murder." CALJIC 8.10 is the instruction for second degree murder
 
 
 [3]
 Apparently, when the judge answered the jury's question regarding the difference between first and second degree murder, he neglected to reiterate that the verdict had to be unanimous as to degree. [See ER 57]