42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry A. BURTON, Petitioner-Appellant,
v.
B.S. GUNN; Attorney General of California, Respondents-Appellees.
 No. 94-55140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Jerry A. Burton appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of first degree murder and five counts of attempted first degree murder. Burton contends that there was insufficient evidence to support his convictions, and that the trial court committed prejudicial error by failing to properly instruct the jury regarding several aspects of his case. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 1. Sufficiency of evidence
 
 3
 In evaluating whether the evidence at trial was sufficient to support a conviction, the relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Wright v. West, 112 S.Ct. 2482, 2485-86 (1991); Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), cert. denied, 114 S.Ct. 131 (1993). A reviewing court need not ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313-24 (1979).
 
 
 4
 Viewed in the light most favorable to the prosecution, the evidence showed the following: the shots that killed one victim and wounded the others came from a white-topped, red Cadillac; shots were fired from both the front and back passenger seats; as the Cadillac left the scene, someone in the car said "Bounty Hunter Blood," the name of a gang of which Burton was a member; Burton was identified as one of the men seen abandoning the car several blocks away from the murder scene; Burton's fingerprint was found on the murder weapon that police retrieved one block from the abandoned car.
 
 
 5
 Burton contends that because a witness recanted his out-of-court identification of Burton, and because the murder weapon was linked to him through a "highly ambiguous fingerprint," the evidence was constitutionally insufficient to identify him as the person who committed the offenses. These claims lack merit.
 
 
 6
 First, in an out-of-court statement made to police, Thomas Glover claimed that he saw Burton running from a red Cadillac located several blocks from the shootings. At trial however, Glover testified that he could not be sure who had jumped from the car. In response to this inconsistent statement, the detective who had interviewed Glover testified as to Glover's out-of-court statement, and stated that Glover told him that he did not want to identify Burton in court because he was concerned for the safety of his family. Because the detective's testimony was relevant and admissible as impeachment evidence pursuant to California Evidence Code Sec. 770.1235, a rational trier of fact could find that Glover's original statement to police was credible. See Jackson, 443 U.S. at 313-24; Payne, 982 F.2d at 338.
 
 
 7
 Second, police developed a latent fingerprint matching Burton's left ring finger from an AK-47 assault rifle that they retrieved several blocks from the murder scene. The police were also able to match expended AK-47 cartridge cases found in the abandoned Cadillac to this weapon. Thus, Burton's fingerprint on the weapon was probative and admissible, allowing a rational trier of fact to find that he had recently handled the weapon. See Jackson, 443 U.S. at 313-24; Payne, 982 F.2d at 338.
 
 2. Insufficient jury instructions
 
 8
 Habeas corpus relief cannot be obtained to set aside a conviction on the failure to give jury instructions unless there is a clear denial of due process which rendered the trial fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). To set aside a conviction based on omitted jury instructions, the court must find that the jury instruction should have been given, and the omission of the instructions "so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973); Prantil v. State of California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 9
 Burton's first claim is that the trial court erred by failing to give a limiting instruction to the jury regarding the testimony of Sergeant Holms, who was permitted to testify as a gang expert.[1] This contention fails because other evidence established that the assailants identified themselves as "Bounty Hunter Bloods," of which Burton was a member, and the shootings arose out of the fact that assailants believed the victims to be members of a rival gang. Therefore, evidence pertaining to gang membership and gang activities was relevant to prove both intent and motive of the shootings. Because the trial court was under no obligation to give a limiting instruction with respect to Holms' testimony, Burton fails to show that the omission of this jury instruction violated his due process rights. See Estelle, 112 S.Ct. at 482; Cupp, 414 U.S. at 147; Prantil, 843 F.2d at 317.
 
 
 10
 Burton's second claim is that the trial court erred by failing to instruct on lesser included offenses. A claim that the state court failed to instruct on a lesser offense in Burton's case does not present a federal constitutional question and will not be considered in a federal habeas corpus proceeding. James v. Reese, 546 F.2d 325, 327 (9th Cir.1976). Thus, because the state did not request the death penalty in this case, and because Burton received a sentence of 30 years to life, this claim fails. See James, 546 F.2d at 327.
 
 
 11
 Burton's third claim is that the trial court erred in failing instruct the jury on in-custody informants as provided in California Jury Instruction No. 3.20. An in-custody informant is a "person, other than a ... percipient witness ... whose testimony is based upon statements made by a defendant while both the defendant and the informant are held within a correctional institution." California Jury Instruction No. 3.20. Because there is nothing in the record to indicate that Glover's out-of-court statements regarding the identity of Burton were statements made by Burton while they were both incarcerated, the court was under no obligation to instruct the jury on in-custody informants. See id. Also, Burton fails to show that the omission of this jury instruction violated his due process rights. See Estelle, 112 S.Ct. at 482; Cupp, 414 U.S. at 147; Prantil, 843 F.2d at 317.
 
 
 12
 Burton's final claim is that the trial court erred in failing to instruct the jury on the law pertaining to the sufficiency of circumstantial evidence to prove specific intent as provided in California Jury Instruction No. 2.02. California Jury Instruction No. 2.02 is designed for cases where a specific mental state of the offense rests substantially or entirely on circumstantial evidence. Use Note, California Jury Instruction No. 2.02. Here, intent as well as identity was established substantially by circumstantial evidence and the jury was properly instructed on circumstantial evidence generally pursuant to California Jury Instruction No. 2.01. Therefore, the court was under no obligation to instruct the jury pursuant to California Jury Instruction No. 2.02. See California Jury Instruction No. 2.02. Also, Burton fails to show that the omission of this jury instruction violated his due process rights. See Estelle, 112 S.Ct. at 482; Cupp, 414 U.S. at 147; Prantil, 843 F.2d at 317.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based on his ten years experience as gang crime investigator, Holms testified to the following: (a) the car used in most drive-by shootings is a stolen car; (b) two or more gang members are usually in the car in a drive-by shooting; (c) the car drives by an opposing gang or goes into the opposing gang's neighborhood; (d) one or more of the gang members are armed, and they will shoot at a rival gang and shout out the name of their gang; (e) the Bounty Hunter Bloods and the Carver Park Crips are rival gangs; (f) the murder scene was located in the Carver Park Crips gang area; and (g) the red Cadillac used in the shootings was found abandoned in the Bounty Hunter Bloods gang area