48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David James FARROW, Petitioner-Appellant,
v.
George SMITH, Warden; Daniel E. Lungren; Attorney General
for the State of California, Defendants-Appellees,
 No. 94-55401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided Feb. 27, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 A. Alleged Trial Errors
 1. Juror Misconduct
 
 2
 Farrow claims the trial court should have held an evidentiary hearing to investigate juror misconduct. We disagree. Despite the Supreme Court's decision in Remmer v. United States, 347 U.S. 227 (1954), and Smith v. Phillips, 455 U.S. 209 (1982), "[a]n evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias." United States v. Angulo, 4 F.3d 843, 847 (9th Cir.1993). The district court properly considered "the content of [Farrow's] allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source" to conclude that Farrow's evidence of juror misconduct was nothing more than unverified conjecture. See id.
 
 2. Prosecutorial Misconduct
 
 3
 a. Griffin Error
 
 
 4
 Farrow contends the prosecutor's statement that the defense counsel failed to offer a reasonable explanation of Farrow's presence at the Katschman residence was a Griffin error. See Griffin v. California, 380 U.S. 609, 614 (1965). However, "a comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced" does not rise to the level of a Griffin error. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991) (internal quotation omitted). In this case, the prosecutor's statement merely referred generally to "they" and specifically to the defense counsel by name. Thus, it did not rise to the level of a Griffin error. See id. (referring generally to "they" is not Griffin error).
 
 
 5
 b. Statement Regarding Drug Involvement
 
 
 6
 The prosecution also made comments speculating that the crime involved a drug deal. Farrow contends that the cumulative effect of these comments was injurious and that the trial court should have given curative instructions. We disagree.
 
 
 7
 An improper comment by the prosecution does not per se violate a defendant's constitutional rights. Jeffries v. Blodgett, 5 F.3d 1180, 1191 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). Instead, habeas relief is necessary only if "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation omitted). In this case, the comments were brief in the context of the entire trial. The substantial, independent and credible evidence of Farrow's guilt overwhelmed whatever incriminating effects the comments may have had in isolation.
 
 3. Failure to Instruct the Jury
 
 8
 a. Claim of Right Defense Instruction
 
 
 9
 Farrow argues the trial court erred when it failed sua sponte to instruct the jury regarding his "claim of right" defense. To justify habeas relief, the failure to give an instruction must infect the entire trial, rendering it fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 481-82 (1991). A trial court is required to give a particular instruction only if the evidence reasonably warrants it. Hopper v. Evans, 456 U.S. 605, 613 (1982). A mere scintilla of evidence is insufficient. United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993).
 
 
 10
 In this case, an overwhelming majority of evidence established Farrow was at the Katschman residence seeking drugs and money. Moreover, although Farrow offered evidence that he had left a down payment of cash and a rifle with Katschman, his attorney also argued Farrow had no knowledge of the rifle, contradicting any claim of right defense. Consequently, the evidence did not reasonably warrant an instruction on the defense.
 
 
 11
 b. Lesser Offense Instruction
 
 
 12
 Farrow also argues the trial court erred by failing to instruct the jury on the lesser offenses of vandalism and trespass. We have held that, in noncapital cases, " '[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding.' " Woratzeck v. Ricketts, 820 F.2d 1450, 1457 (9th Cir.1987) (quoting James v. Reese, 546 F.2d 325, 327 (9th Cir.1976), vacated on other grounds, 486 U.S. 1051 (1988). Consequently, the trial court's failure to instruct the jury on vandalism and trespass is not a basis for habeas relief.
 
 B. Denial of Motion for New Trial
 
 13
 We decline to review Farrow's contention that the trial court applied an incorrect standard of review in denying his motion for a new trial. Farrow premised his motion for a new trial on the assertion that to be convicted of assault with a deadly weapon, a firearm had to be used in commission of the crime. The state appellate court's decision that a baseball bat can be considered a deadly weapon under California law is an adequate and independent state law ground for denying Farrow's motion for a new trial. Coleman v. Thompson, 501 U.S. 722, 729 (1991) (precluding review if decision rests on adequate, independent state law ground).
 
 C. Excessive Restitution
 
 14
 Farrow argues his restitution fine of $5,000 is excessive. Specifically, he claims that he was required to pay restitution directly to the victims of his crime and that they did not incur economic losses to the extent of $5,000 as a result of his criminal behavior. See Cal.Gov't Code Sec. 13967(c).
 
 
 15
 However, the record does not reflect that Farrow was required to pay restitution directly to his victims. Instead, it appears the restitution fine was imposed pursuant to Cal.Gov't Code Sec. 13967(a). The sentencing court may impose a restitution fine up to $10,000, including intangible losses, pursuant to Sec. 13967(a). Thus, Farrow's fine of $5,000 was not excessive. See Wasko v. Vasquez, 820 F.2d 1090, 1091 n. 2 (9th Cir.1987) (A defendant "may be deprived of his liberty ... to the extent authorized by state statute.").
 
 
 16
 Farrow also claims he is unable to pay the fine because he suffers from carpal tunnel syndrome. Farrow did not properly raise this issue below and consequently has waived it.
 
 D. Denial of Right to Evidentiary Hearing
 
 17
 Farrow argues the district court was required to hold an evidentiary hearing in reviewing his habeas petition. We disagree.
 
 
 18
 All of Farrow's alleged claims, except his juror misconduct claim, involve either purely legal questions or facts which were reliably found by the trial court. Thus, no evidentiary hearing was required regarding these claims. Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992) ("[N]o hearing is required if either the state court has reliably found the relevant facts, or there are no disputed facts and the claim presents a purely legal question." (citation omitted)). Likewise, no evidentiary hearing was necessary to address Farrow's conclusory and unspecific allegations of juror misconduct. "An evidentiary hearing is not required on allegations that are conclusory and wholly devoid of specifics." Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (internal quotation omitted), cert. denied, 114 S.Ct. 2125 (1994).
 
 CONCLUSION
 
 19
 The district court's denial of Farrow's habeas petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3