139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin ROBINSON, Petitioner-Appellant,
v.
Peggy L. KERNAN, Respondent-Appellee.
 No. 97-15716.
D.C. No. CV-95-03241-FMS.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Fern M. Smith, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 California state prisoner Kevin Robinson appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for second degree murder and attempted murder. We review de novo, Dyer v. Calderon, 113 F.3d 927, 933 (9th Cir.1997), and affirm.
 
 II.
 
 3
 The facts of this case are known to the parties. We will repeat them here only as necessary.
 
 III.
 
 4
 Robinson argues that the trial court erred by failing to read sua sponte California Jury Instruction ("CALJIC") No. 2.02, which is designed for cases in which proof of the specific mental state of the charged offense rests substantially or entirely on circumstantial evidence. Use Note, CALJIC No. 2.02. Instead, the trial court instructed the jury on circumstantial evidence generally pursuant to CALJIC No. 2.01. Both instructions explain that the jury may use circumstantial evidence to support a guilty verdict only if the evidence cannot be reconciled with any other rational conclusion. We conclude therefore that the trial court's decision to employ the broader CALJIC No. 2.01, instead of the more narrowly focused CALJIC No. 2.02, did not violate constitutional due process. See Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Thus, Robinson is not entitled to relief on this ground.
 
 IV.
 
 5
 Robinson asserted a self-defense justification at trial, which rested solely on his own testimony. The trial judge instructed the jury that "before finding any fact to be proved solely by the testimony of a single witness, you should carefully review all the testimony upon which the proof of such fact depends." CALJIC No. 2.27. Robinson complains that the instruction implied that he bore the burden of proof as to the self-defense justification. The jury instructions as a whole, however, unambiguously explained that the burden rested with the prosecution. Moreover, both the prosecutor and Robinson's attorney reiterated the point during closing arguments. We therefore find no violation of a federal constitutional right. See id.
 
 V.
 
 6
 Robinson argues that the trial judge omitted the word "not" from a jury instruction regarding manslaughter. He also argues that the trial judge replaced the word "unlawful" for the word "lawful" within a jury instruction regarding self-defense. However, during the direct appeal of his conviction in the California Court of Appeals, the court reporter declared that both errors were typographical: the trial judge had read both instructions properly. Robinson's appellate attorney at the time stipulated to a correction of the record. Thus, there was no error.
 
 VI.
 
 7
 Robinson objects to CALJIC No. 8.75, which required the jury to unanimously acquit Robinson of the greater charge of murder before considering the lesser charge of manslaughter. This court has previously held that a district court may either read an instruction that is similar to CALJIC No. 8.75, or may instruct the jury to consider the lesser charge even if it is unable to reach a verdict on the greater charge: either formulation is acceptable. See United States v. Jackson, 726 F.2d 1466, 1469 (9th Cir.1984). A district court would err, however, if it refused to read the defendant's requested formulation. Id. Here, Robinson does not allege that he either objected at trial to CALJIC No. 8.75, or requested an alternative instruction. Thus, as the district court noted, the Jackson opinion suggests that the state trial court's reading of CALJIC No. 8.75 did not violate Robinson's due process rights. We therefore affirm the district court's denial of this claim.
 
 VII.
 
 8
 Robinson contends that the trial court erred by failing to instruct the jury on misdemeanor-manslaughter. The failure of a state court to instruct on a lesser offense in a non-capital case generally presents no federal constitutional question, see James v.. Reese, 546 F.2d 325, 327 (9th Cir.1976), unless the court's failure to give a requested instruction prevented the defendant from presenting his theory of the case, see Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.1984). Here, Robinson's trial attorney neither requested the misdemeanor-manslaughter instruction nor objected to its absence. Moreover, the misdemeanor-manslaughter instruction was unrelated to Robinson's assertion of self-defense. Accordingly, we conclude that the trial court did not err by failing to instruct the jury regarding misdemeanor-manslaughter.
 
 VIII.
 
 9
 Robinson argues that his conviction for attempted murder must be reversed because the trial court improperly instructed the jury regarding the elements of that charge. The California Court of Appeals has already reversed Robinson's conviction for attempted murder, however. See California v. Robinson, No. A031704 (Cal.Ct .App. March 27, 1987). Thus, the issue is moot.
 
 IX.
 The opinion of the district court is
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3