**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMIAN ALCANTARA, | No. 10-17703 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01700-FCD-KJN |
| v. | |
| R. J. RACKLEY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Submitted May 12, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Alcantara was convicted in California of second degree murder and street

terrorism based on an incident in which he and two gang members assaulted a rival

gang member with a stun gun, resulting in the death by stabbing of the rival gang

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

member.  He appeals from the denial of his petition for a writ of habeas corpus on the basis of alleged errors in the jury instructions and ineffective assistance of counsel.  We have jurisdiction under 28 U.S.C. § 2253.  Applying the standard of review set out in the Antiterrorism Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), we affirm.

Alcantara's challenges to the jury instructions raise only state law claims that are not cognizable on federal habeas, unless they deprived Alcantara of a fundamentally fair trial.  *See Estelle v. McGuire*, 502 U.S. 62, 72–73 (1991). Under California Penal Code § 1111, a defendant may not be convicted based solely on the uncorroborated testimony of an accomplice.  At trial, Sanchez, an accomplice witness, testified against Alcantara.  Alcantara argues that the trial court violated California Penal Code § 1111 by instructing the jury that an accomplice is "a person who is subject to prosecution for the identical offenses charged in Counts 1 and 2 and the enhancements to Count 1 against the defendant on trial by reason of aiding and abetting."  Alcantara argues that this definition excluded Sanchez and, therefore, permitted the jury to convict on the basis of Sanchez's uncorroborated testimony.  We have held that "[a]s a state statutory rule, and to the extent that the uncorroborated testimony is not 'incredible or insubstantial on its face,' the rule [of California Penal Code § 1111] is not required

2

by the Constitution or federal law." *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000). Sanchez's testimony was not incredible or insubstantial on its face. In view of the substantial circumstantial evidence of Alcantara's involvement in the murder, the jury instruction did not deny Alcantara the right to a fundamentally fair trial. *See Estelle*, 502 U.S. at 72–73. Nor did the court deny Alcantara any entitlement under state law because, as the California Court of Appeal pointed out, whether Sanchez was an accomplice was a fact question for the jury to decide. *See Laboa*, 224 F.3d at 979. This claim is not cognizable on habeas.

Alcantara next argues that the trial court denied him due process by failing to instruct the jury that he could be found guilty of a lesser offense than the perpetrator under the natural and probable consequences doctrine. The California Court of Appeal determined that the trial court properly instructed the jury that it must analyze any crimes committed by Alcantara separately from crimes committed by a codefendant and it could only convict Alcantara of crimes that were the natural and probable consequences of any crime he aided and abetted. Alcantara cites no Supreme Court precedent requiring any further instructions, and our precedent is clear: "Failure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal

3

habeas corpus proceeding." *James v. Reese*, 546 F.2d 325, 327 (9th Cir. 1976) (per curiam). This claim is also not cognizable on habeas.

Alcantara also argues that the trial court denied him due process by failing to instruct the jury on the elements of assault and battery. The California Court of Appeal determined that it was error to give the natural and probable consequences instruction without defining the elements of the target offense (assault and battery), but that the error was harmless. The conclusion that any error was harmless was not contrary to clearly established federal law because there was no indication of jury confusion regarding the target crimes, and the evidence would not support finding Alcantara guilty of a lesser offense than murder. *See Medina v. Hornung*, 386 F.3d 872, 878 (9th Cir. 2004).

Finally, Alcantara raises ineffective assistance of counsel on the basis of counsel's failure to request (i) an instruction that Alcantara could be convicted of a lesser crime under the natural and probable consequences doctrine, and (ii) an instruction on the elements of the target crime (assault and battery). With regard to both instructions, Alcantara has failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, these claims do not merit relief.

**AFFIRMED.**