**Charles Bainton BUTCHER, Petitioner/Appellant,**

v.

**J. MARQUEZ, Superintendent, and Attorney General, State of California, Respondents/Appellees.**

**No. 84–5646.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1984.

Decided April 16, 1985.

As Amended May 15, 1985.

Charles Bainton Butcher, pro se.

Donald Roeschke, Los Angeles, Cal., for respondents/appellees.

Before NELSON, BOOCHEVER, and REINHARDT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Butcher, a state prisoner, was convicted by a California court of assault with intent to commit murder and assault with a deadly weapon. On appeal of the district court's dismissal of his habeas petition, Butcher makes several claims based on ineffective assistance of counsel. Butcher is not entitled to relief because he has, under the facts of this case, failed to show that counsel was not reasonably competent and diligent.

## FACTS

Charles Butcher was convicted in California state court of assault with intent to commit murder and related charges.[1] The jury found that he shot his ex-wife, Carol Vannoy, and her male companion in March 1979 while the two victims were in bed at the man's house. Butcher raises six claims, four concerning ineffective assistance of trial counsel, one alleging ineffective assistance of appellate counsel, and the last concerning an evidentiary error by the state trial judge. His ineffective assistance claims are, first, that his counsel erred in failing to seek a "heat of passion" jury instruction; second, that his counsel failed to obtain suppression of a gun seized from Butcher in May 1978 which was introduced into evidence for the March 1979 shooting, which was apparently committed with a similar weapon; third, that his counsel improperly stipulated to facts concerning a gas leak which occurred under suspicious circumstances in Vannoy's kitchen. Fourth, he claims that his appellate counsel acted improperly in failing to raise these three issues in his state appeal and in failing to argue that the government's destruction of the cracked gas line was destruction of evidence. Finally, he contends that the state trial court's admission of evidence concerning Butcher's connection to the cracked gas line was prejudicial.

The facts concerning the seizure of the gun from Butcher in May 1978 and the gas leak in February 1979 may be briefly set forth. Both incidents occurred before the March 1979 shooting and the facts relating to these two incidents were admitted concerning Butcher's motive and intent to murder Vannoy, among other purposes. In May 1978, Vannoy reported to the police that Butcher had made telephone death threats to her. Several hours later, police stopped Butcher when he was seen driving near Vannoy's house. The police searched his car and found the gun. In September 1978, Butcher and Vannoy were married, but Vannoy soon requested a separation. Butcher left her house after a late-night argument in mid-February 1979. Vannoy was awakened later that night by the smell of gas. She discovered an open gas valve in her kitchen with a candle burning near it. She reported the incident to the police, but Butcher was not charged.

## DISCUSSION

To obtain relief for ineffective assistance of counsel on a habeas corpus

---

1. Butcher had previously been tried for attempted murder, but received a hung jury. After an appeal from his conviction after the second trial his sentence was reduced by two years to a total of 10 years and 4 months. His conviction was affirmed, however, by the California Court of Appeal; the California Supreme Court declined to hear the case and the United States Supreme Court denied certiorari. *Butcher v. California,* No. 38155 (Cal.Ct.App. Oct. 6, 1981), *hearing denied,* (Cal. Supreme Court Dec. 23, 1981), *cert. denied,* 456 U.S. 932, 102 S.Ct. 1984, 72 L.Ed.2d 449 (1982).

review, the petitioner must show that counsel made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and petitioner must also demonstrate prejudice. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984); *Hines v. Enomoto,* 658 F.2d 667, 674–75 (9th Cir.1981). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in all significant decisions made. *Strickland,* 104 S.Ct. at 2066.

■ Butcher has exhausted his state remedies, as required by 28 U.S.C. § 2254. The state court denied Butcher's petition for habeas corpus without a hearing and without findings of fact, and its decision does not "reliably and adequately" imply particular findings on material facts. *See* 28 U.S.C. § 2254(d); *Townsend v. Sain,* 372 U.S. 293, 313–14, 83 S.Ct. 745, 757–58, 9 L.Ed.2d 770 (1963). The state court did determine that Butcher's counsel had not provided ineffective assistance, but this conclusion was a mixed question of law and fact which the federal court reviews de novo. *Strickland,* 104 S.Ct. at 2070; *see Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982) (per curiam); *Fendler v. Goldsmith,* 728 F.2d 1181, 1190 n. 21 (9th Cir.1984).

■ Lacking state court findings of fact, therefore, the district court acted properly in reviewing Butcher's claims based upon the state court trial record and adopting detailed findings. It concluded that Butcher's counsel did not render ineffective assistance. We review this mixed question of law and fact de novo, giving deference to the findings of the underlying facts but reserving the right to give different legal weight to such facts. *See Sumner,* 455 U.S. at 597, 102 S.Ct. at 1306; *Fendler,* 728 F.2d at 1190 n. 21. In *Satchell v. Cardwell,* 653 F.2d 408, 413 (9th Cir.1981), *cert. denied,* 454 U.S. 1154, 102 S.Ct. 1026, 71 L.Ed.2d 311 (1982), we stated that the con-

clusions of both the state court and the district court concerning effective assistance of counsel were reviewed under the clearly erroneous standard. To the extent that this statement was not overruled by *Sumner* and *Fendler,* we explicitly reject it on the authority of *Strickland,* 104 S.Ct. at 2070.

In this case, we agree with the conclusions reached by both the state court and the district court and accept the facts as set forth by the district court, in lieu of any factual findings provided by the state court. *See* 28 U.S.C. § 2254(d).

■ Butcher's first claim is that his counsel's failure to ask for a voluntary manslaughter instruction was ineffective assistance. Under the *Strickland* test, counsel's strategic choice to forgo an instruction for voluntary manslaughter was reasonable because counsel had good cause to believe that further efforts to obtain such an instruction would harm Butcher's case. As it was required to do under California law, *see People v. Sedeno,* 10 Cal.3d 703, 717 n. 7, 518 P.2d 913, 922 n. 7, 112 Cal.Rptr. 1, 10 n. 7 (1974), at the close of the evidence, the trial court, in clarifying an in-chambers discussion with counsel regarding jury instructions, stated that its understanding was that defense counsel was not advancing a theory of diminished capacity or heat of passion, and did not want any instructions that would tend to focus attention on those defenses. At that time defense counsel informed the court that he did not intend to offer any such instruction or to pursue those defenses since the case was "one of whether or not Mr. Butcher committed the act, not if he committed the act, why."

Apparently defense counsel, with adequate knowledge of the law and the evidence, abandoned pursuit of an instruction on voluntary manslaughter in accord with the strategy that he believed would procure the most advantageous defense for Butcher. It can be inferred that in taking this course of action counsel believed that such a request would have been fruitless or even harmful to his client.

The record demonstrates that counsel's beliefs were reasonable. Counsel's theory at trial was limited to an alibi defense concerning the March 1979 shooting, and properly so since that was the defense best supported by the evidence. The defendant testified that he could not have committed the shooting because he was in a bar at the time. Vannoy, Butcher's ex-wife, testified that she and Biers, her companion, who were both victims of the shooting, were shot while they were in bed for the night at Biers' house. She further testified that she first met Biers at a bar prior to going to his home. Thus, this is not a case of a husband returning home to find his wife in a compromising situation. There was no apparent reason for Butcher to go to Biers' home other than to confront the couple. Hence, the likelihood that the shootings resulted from sudden provocation in the heat of passion is tenuous at best. On that basis it is evident that counsel's belief that an alibi defense alone was appropriate, and that the facts of this case suggested that instructions on voluntary manslaughter were unnecessary, was reasonable.

■ Defense counsel need not request instructions inconsistent with its trial theory. *See Sedeno,* 10 Cal.3d at 716, 518 P.2d at 921, 112 Cal.Rptr. at 10. Moreover, any failure by the trial court to give such instructions *sua sponte* does not constitute reversible error if the error was invited, as it was in this case, by the defense's indication that such an instruction was not wanted. *See Sedeno,* 10 Cal.3d at 716 n. 6, 518 P.2d at 921 n. 6, 112 Cal.Rptr. at 9 n. 6. In that Butcher failed to prove that counsel erred and that the error was one that a reasonably competent attorney acting as a diligent conscientious advocate would not have made, a determination whether he was prejudiced under the second prong of the *Strickland* test need not be made.

Next, Butcher contends that counsel was ineffective because he should have argued the question whether the gun taken from his automobile at the time of his arrest in May 1978 was properly seized on the ground that the incident constituted a "warrantless misdemeanor arrest" rather than arguing that there was no probable cause to search and seize Butcher's car. His position is unfounded. The only evidence at the suppression hearing was testimony from Officer Koonce regarding the events which led to Butcher's arrest. Koonce testified that he received a call on May 11, 1978 at 11:00 p.m. from Carol Vannoy and her friend, Ronald Litt, regarding a death threat to Vannoy. Koonce went to Vannoy's home and while speaking with her there prepared a report of the threats. Vannoy told Koonce that Butcher had been at her residence earlier that evening and had threatened to kill her. She said that within an hour and ten minutes of Butcher's departure she received two phone calls from him in which he stated "you're dead" and hung up. She also told Koonce that she and Litt were in fear of their lives because Butcher had guns. Vannoy described Butcher's car and personal appearance to Koonce.

Koonce, who was still at Vannoy's house at 2:30 a.m., finished taking the report and returned to the police station. As he prepared to depart at approximately 3:00 a.m. he spotted a vehicle matching Vannoy's description of Butcher's car proceeding towards her home. Koonce followed the vehicle as it proceeded towards Vannoy's house and away again. He then stopped the car, removed Butcher, patted him down, and moved him to the front of the police car, which was directly behind the vehicle. Butcher was held at gunpoint by other officers while Koonce searched the floor of the car and the glove compartment. He discovered a .38 caliber revolver and five rounds of ammunition in the glove compartment.

■ At trial, defense counsel reasoned that the police did not have probable cause to search the car and argued that the gun was therefore seized illegally. On that basis he attempted to have the gun and all other incriminating evidence against Butcher excluded. Butcher contends that his counsel should instead have sought exclusion on the basis that Butcher's arrest was

illegal. Counsel's choice of an alternative theory upon which to seek exclusion represented the exercise of reasonable professional judgment, even if his client would now pursue a different legal theory. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Thus, counsel's tactics were those of a reasonably diligent attorney.

■ Butcher also contends that counsel's stipulation of fact at a pretrial hearing that a gas line leading to the interior wall of Butcher's home was cracked and leaking substantiates his claim of ineffective assistance of counsel. Evidence that Butcher attempted to kill his wife by causing a gas explosion was admitted only to prove motive and intent for the shootings, as Butcher was not charged for the gas incident. In light of these facts it is clear that the stipulation was made by counsel to preclude proof of a point that might have otherwise implied that Butcher caused the leak. Hence, the stipulation was a reasonable and competent trial tactic for which counsel cannot be faulted. *See Strickland*, 104 S.Ct. at 2070–71; *Bashor*, 730 F.2d at 1241.

■ Butcher claims as well that appellate counsel's failure to argue the issues presented above constituted ineffective assistance of counsel. In view of the fact that those claims have been shown to be invalid Butcher would not have gained anything by raising them. Butcher also contests appellate counsel's failure to raise as an issue the destruction of the gas line by the police after it was determined that the line no longer had evidentiary value. Since the parties stipulated that the line was cracked, appellate counsel could not have made a meritorious argument that there was a harmful or prejudicial destruction of evidence. Appellate counsel acted diligently and competently, and Butcher's claim of ineffective assistance on appeal presents no ground for relief.

■ In addition to his ineffective assistance claims, Butcher contends that the trial court erred under California law in admitting evidence of Butcher's attempt to kill his wife by causing a gas explosion. He claims that it was improper for the court to admit evidence of this uncharged offense to establish motive and intent. Even if the admission were erroneous under state rules of evidence, the argument is cognizable under section 2254 only if Butcher's constitutional rights were violated. *Gutierrez v. Griggs*, 695 F.2d 1195, 1197–98 (9th Cir.1983); *see Wainwright v. Goode*, 464 U.S. 378, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983); *Lisenba v. California*, 314 U.S. 219, 228–29, 62 S.Ct. 280, 286–87, 86 L.Ed. 166 (1941). Butcher asserts that prejudice resulted from the admission of this evidence which violated his right to a fair trial. Butcher has not shown that the admission of this evidence, even if erroneous, rendered his trial so fundamentally unfair as to violate federal due process. *See Pennywell v. Rushen*, 705 F.2d 355, 357–58 (9th Cir.1983).

Butcher argues that admission of uncharged offenses may be so prejudicial as to erode the standard of proof beyond a reasonable doubt. *See People v. Schader*, 71 Cal.2d 761, 773 n. 7, 457 P.2d 841, 848 n. 7, 80 Cal.Rptr. 1, 7 n. 7 (1969) (admission of prior uncharged offenses may lead to conviction based on cumulative suspicion of multiple offenses). On the facts of this case, however, we find no such prejudice. The gas incident evidence consisted of the stipulation about the leak and Vannoy's in-court testimony; the jury therefore had an opportunity to weigh the credibility of her account of the incident. Moreover, Butcher concedes that the judge admonished the jury to consider the incident only as evidence of intent, not as evidence that Butcher was a person of bad character. Finally, we note that the incident was clearly relevant to whether Butcher had formed the intent to kill Vannoy. We therefore hold that admission of evidence about the gas incident did not deprive Butcher of the due process of law.

The dismissal of the habeas corpus petition is accordingly AFFIRMED.