5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kevin COE, Plaintiff-Appellant,
v.
Larry KINCHELOE, Superintendent, Respondent-Appellee.
 No. 92-35253.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Aug. 25, 1993.
 
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Post-Hypnotic Testimony
 
 2
 Admission of post-hypnotic testimony is not a per se constitutional violation. United States v. Adams, 581 F.2d 193, 198 (9th Cir.), cert. denied, 439 U.S. 1006 (1978). Hypnosis "may affect the credibility of evidence but not its admissibility." United States v. Awkard, 597 F.2d 667, 669 (9th Cir.), cert. denied, 444 U.S. 885 (1979).
 
 
 3
 The Superior Court was painstaking in its review of the testimony of the hypnotized witnesses. The court specifically found that the three witnesses' "testimony identifying Mr. Coe is solely based on prehypnotic memory and has not been tainted by hypnosis." These are "basic, primary or historical facts" to which we must give deference under 28 U.S.C. Sec. 2254(d). See Strickland v. Washington, 466 U.S. 668, 698 (1984).
 
 
 4
 Coe argues that the Washington Supreme Court's ruling was a finding of fact to which we are required to defer under Sec. 2254(d), citing Sumner v. Mata, 449 U.S. 539 (1981). However, the ruling of the Washington Supreme Court in Coe II, 750 P.2d 208 (Wash.1988), was one of law, not fact. It reversed the Superior Court for failing to follow the pre-existing per se rule of inadmissability, not for a faulty factual analysis.
 
 
 5
 Admission of evidence in violation of state law is not cognizable under Sec. 2254 unless the petitioner's constitutional rights were violated. Petitioner must show admission of the evidence "rendered his trial so fundamentally unfair as to violate federal due process." Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir.1985) (upholding rejection of habeas claim based on admission of evidence of an attempted murder in violation of state rules of evidence). Here the post-hypnotic testimony was not unreliable in fact, and therefore Coe's federal due process rights were not violated.
 
 B. Destruction of Evidence
 
 6
 "The mere failure to preserve evidence which could have been subjected to tests which might have exonerated the defendant does not constitute a due process violation." Paradis v. Arave, 954 F.2d 1483, 1488 (9th Cir.1992), vacated and remanded on other grounds, --- U.S. ----, 113 S.Ct. 1837 (1993). The habeas petitioner must show the government acted in bad faith in failing to preserve the evidence. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The bad faith determination "must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id. at 56, n.*.
 
 
 7
 Of the other types of testing which Coe now contends might have helped his defense, PGM-1 typing required specialized equipment not available at the Eastern Washington Crime Laboratory until 1985 or 1986; PGM-2 typing was not in widespread use until 1986 or 1987; and forensic labs did not begin DNA testing until 1988. Mr. Brockett was not aware of PGM or DNA testing at the time he issued the "clear property" order in 1981. Although the conduct might be described as negligent, that is not sufficient to constitute a due process violation. Id. at 58.[1]
 
 C. Dr. Loftus' Testimony
 
 8
 There is no federal law requirement that testimony such as that proffered by Dr. Loftus must be admitted. Jordan v. Ducharme, 983 F.2d 933, 939 (9th Cir.1993). The Washington Supreme Court held the trial court had not abused its discretion. No federal issue is presented.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Coe's cite to United States v. Cooper, 983 F.2d 928 (9th Cir.1993), does not advance his argument. There, the bad faith on the part of the Government agents was conceded. Id. at 931. Rather, the issue was whether Cooper could "obtain comparable evidence by other reasonably available means," under California v. Trombetta, 467 U.S. 479 (1984). Id. That is not the issue here