21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. HINES, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 92-55172.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Withdrawn from Submission Nov. 19, 1993.
Resubmitted March 7, 1994.
Decided March 11, 1994.
 
 Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.
 
 ORDER
 
 1
 This case is resubmitted as of March 7, 1994.
 
 
 2
 MEMORANDUM*
 
 
 3
 California state prisoner Larry D. Hines appeals pro se the district court's denial of his habeas corpus petition challenging his jury conviction for first degree murder. We affirm.
 
 I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
 
 4
 Hines contends that his trial counsel was ineffective. To succeed, Hines must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 A. Testimony of Pamela Pitts
 
 5
 Hines alleges that his attorney failed to object to the testimony of Pamela Pitts and that Pitts's testimony was objectionable because she testified--according to Hines--while under the influence of PCP. Counsel fully cross-examined Pitts on her PCP use. Pitts admitted to prior PCP use but denied that she was under the influence of PCP while testifying. The district court concluded that counsel cross-examined her "extensively" on this issue. Counsel's failure to object cannot be considered ineffective assistance when he engaged in extensive cross-examination of the witness in an attempt to undermine her credibility.
 
 
 6
 Moreover, even if Hines could show that admission of Pitts's testimony was improper under California rules of evidence, he has not shown that his federal constitutional rights were violated. Hines has not demonstrated that his attorney's performance was deficient; nor has he shown that admission of Pitts's testimony rendered his trial fundamentally unfair. The remedy he seeks, issuance of the writ, is unavailable. See Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir.1985).
 
 
 7
 Hines next questions trial counsel's failure to secure expert testimony as to the effects of PCP on memory formation and recall. Counsel cross-examined Pitts extensively concerning her ability to perceive and recall the events to which she testified. He also undermined Pitts's credibility by arguing that Pitts was "spaced out" while testifying. The decision not to call an expert was well within counsel's discretion and does not constitute deficient performance.
 
 
 8
 Hines also complains that trial counsel called Pitts to testify in support of Hines's motion for a new trial. The motion was based on Pitts's post-trial recantation of her trial testimony. Counsel should be commended, not criticized, for presenting the recantation to the trial court.
 
 B. Felony Murder
 
 9
 Hines was charged with murder, in violation of Cal.Penal Code Sec. 187. The information did not refer specifically to felony murder, which is described in Sec. 189. The prosecutor argued that Hines could be convicted of felony murder, and the jury was so instructed. Hines argues that trial counsel's failure to object to the prosecutor's arguments concerning felony murder and to the jury instructions constitutes ineffective assistance.
 
 
 10
 Under California law, an information charging murder under Sec. 187 suffices to charge either premeditated or felony murder. See People v. Johnson, 284 Cal.Rptr. 579, 595-96 (Cal.Ct.App.1991), cert. denied, 112 S.Ct. 1568 (1992); People v. Scott, 280 Cal.Rptr. 274, 276-80 (Cal.Ct.App.1991), cert. denied, 112 S.Ct. 1603 (1992); People v. Watkins, 240 Cal.Rptr. 626, 629-32 (Cal.Ct.App.1987).
 
 
 11
 State law aside, we have held that constitutionally adequate notice of a felony-murder charge can be provided to a defendant by means other than a charging instrument. See Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992). The prosecution cannot, however, "ambush" a defendant with a theory of felony murder after the evidence is closed and the jury instructions settled. See Sheppard v. Rees, 909 F.2d 1234, 1237 (9th Cir.1989).
 
 
 12
 Evidence adduced at Hines's preliminary hearing adequately informed Hines that the murder was alleged to have occurred during the course of a felony. See id. at 1236 n. 2. Further, the trial testimony demonstrates that the prosecution and defense sought to prove and to disprove, respectively, the elements of burglary, robbery, and rape. Hines received constitutionally adequate notice. See Morrison, 981 F.2d at 428 (trial testimony may provide adequate notice). He was not "ambushed."
 
 
 13
 Counsel would not have succeeded had he argued inadequate notice of the felony-murder charge. His failure to raise the issue cannot constitute ineffective assistance. See id. at 429.
 
 
 14
 II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
 
 A. Hines's Confession
 
 15
 Hines faults trial counsel for not objecting to the admission of his confession, which allegedly was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Hines argues that appellate counsel was ineffective because he failed to assert ineffective assistance of trial counsel.
 
 
 16
 At a pretrial hearing, Detective Andrews testified that he advised Hines of his Miranda rights, and that Hines understood those rights but voluntarily waived them. After interviewing Hines, Andrews prepared a written statement for Hines to sign. On cross-examination, Andrews testified: "I don't recall if the statement I wrote--I think it had a sentence at the bottom, 'Detective Andrews advised me of my constitutional rights. I understand my rights and agree to talk to an attorney.' " RT at 633. Hines refused to sign the statement.
 
 
 17
 Andrews's misstatement does not undermine our confidence that the Miranda waiver was valid. Trial counsel's performance was not deficient. Appellate counsel had no basis to allege ineffective trial assistance.
 
 B. Evidence of Plea Negotiations
 
 18
 During his interview with Andrews, Hines offered to plead guilty to manslaughter. Hines contends that his trial attorney should have objected to the admission of evidence of this plea offer, and that his appellate attorney failed to raise the issue. The record reveals, however, that trial counsel objected and that appellate counsel presented the issue to the California Court of Appeal, which concluded that the testimony was admitted erroneously but that the error was harmless. Hines's argument, which is premised on ineffective assistance, therefore fails.
 
 C. Other Evidentiary Issues
 
 19
 Hines complains that appellate counsel should have challenged the admission of "gruesome" photographs of the victim. Hines has not shown that trial counsel objected to the admission of the photographs, a prerequisite to success on appeal. See Cal.Evid.Code Sec. 353(a) (West 1966); People v. Visciotti, 5 Cal.Rptr.2d 495, 521-522 (Cal.), cert. denied, 113 S.Ct. 267 (1992). Moreover, state court evidentiary rulings are unreviewable on habeas, unless the petitioner's trial was rendered fundamentally unfair by the trial court's ruling. Butcher, 758 F.2d at 378. Hines's trial was not fundamentally unfair.
 
 III. PROSECUTORIAL MISCONDUCT
 
 20
 Hines argues that the prosecutor implied he had personal knowledge--based on facts not in evidence--that Hines "conned" his way into the victim's house. In closing argument, the prosecutor stated: "the person who broke into [the victim's] house or who did not break in, entered in the middle of the night on March 31, 1981. He conned his way into that house or used the key to do so." RT at 944. This statement was merely the prosecutor's characterization of an inference that could be drawn from the evidence, not an impermissible statement of personal opinion.
 
 
 21
 Hines also argues that the prosecutor commented on his failure to testify. We reject the argument. The prosecutor's comments referred merely to the absence of evidence to suggest the killing was justified. The comments did not call attention to Hines's own failure to testify. See United States v. Lopez-Alvarez, 970 F.2d 583, 595-96 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992); United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988).
 
 
 22
 Hines contends that because the information charged only a violation of Cal.Penal Code Sec. 187, the prosecutor's arguments concerning felony murder were impermissible. We reject the contention because Hines was informed adequately of the prosecutor's intention to argue felony murder.
 
 IV. TRIAL COURT MISCONDUCT
 
 23
 Hines alleges several instances of trial court misconduct. Most of these allegations merely restate arguments that we have rejected. For example, Hines claims that the trial court erred by instructing the jury on felony murder. We need not discuss anew the merits of this argument. The argument is rejected.
 
 V. PLEA OFFER
 
 24
 Hines argues that the trial court's admission of evidence that he had offered to plead guilty to manslaughter violated his rights under the Fifth, Sixth and Fourteenth Amendments. This argument was not properly raised before the district court, and we therefore decline to address its merits. See Withrow v. Williams, 113 S.Ct. 1745, 1755-56 (1993).
 
 
 25
 Hines's remaining allegations of error fail to provide a basis for relief.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3