Johnny Lee **DEBARGE**, Petitioner—
Appellee,

v.

Terry L. **STEWART**, Director,
Respondent—Appellant.

No. 01–16078.

D.C. No. CV–00–00636–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 30, 2002.

578

Before BEEZER, THOMAS and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Terry L. Stewart, Director of the Arizona Department of Corrections, appeals the district court's grant of John De-Barge's petition for a writ of habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ DeBarge contends that his state trial counsel ineffectively assisted him, depriving him of his Sixth Amendment right to counsel. A convicted defendant seeking to overturn his conviction or sentence on the basis that he was denied effective assistance of counsel must establish that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ DeBarge's counsel's failure to request a jury instruction on lesser included offenses to the charge of intentional child abuse was objectively unreasonable under the *Strickland* standard. *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir.1996)

(holding that counsel's performance may be constitutionally deficient if counsel fails to request appropriate jury instructions, including lesser included offense instructions.) A defense counsel's performance is not constitutionally ineffective if he or she, "with adequate knowledge of the law and the evidence," chooses not to request a lesser included offense instruction as long as such a choice is reasonable. *Butcher v. Marquez*, 758 F.2d 373, 376–77 (9th Cir. 1985). However, merely labeling such a choice " 'trial strategy' does not automatically immunize an attorney's performance from sixth amendment challenges." *Span*, 75 F.3d at 1389. Counsel's performance is constitutionally deficient if "[c]ounsel's errors with the jury instructions were not a strategic decision to forego one defense in favor of another" but "the result of a misunderstanding of the law." *Id.* at 1390.

Here, the record reveals that DeBarge's counsel's failure to request the appropriate instructions was not a strategic choice, but the result of his failure to understand the applicable law. When asked by the trial judge whether he would be requesting lesser included offense instructions on the intentional child abuse charge, DeBarge's counsel replied that he "hadn't thought about that," "d[id]n't care," and would leave the final determination up to the court and the state.

Director Stewart argues that reading the record in context supports the construction that DeBarge's counsel was employing a strategic "all or nothing" defense. However, the record belies this assertion. Indeed, DeBarge's attorney urged a lesser included offense instruction as to the first degree murder charge. However, he requested the incorrect lesser included instructions. Under Arizona law,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"there is no lesser included homicide offense to the crime of felony murder, because the necessary mens rea is supplied by the intent required for the underlying felony." *State v. Landrigan*, 176 Ariz. 1, 859 P.2d 111, 115 (Ariz.1993). Thus, the instructions that counsel requested were unavailable under Arizona law. When presented with the opportunity to have the jury instructed on lesser included child abuse crimes—the only legally proper way to give the jury the very choice that counsel had just argued that the jury should have—counsel responded with indifference. Thus, even a "contextual" reading of the record does not support the conclusion that the decision was strategic. Counsel's failure to request the appropriate instructions because of his ignorance of the law was constitutionally deficient performance. *Span*, 75 F.3d at 1390. The state court's conclusion to the contrary is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

DeBarge was prejudiced by counsel's failure to request the legally appropriate lesser included instructions. The trial judge should and would have given such instructions if he had been requested to do so. "[L]esser included offense instructions must be given if requested and if supported by the evidence." *State v. Detrich*, 178 Ariz. 380, 873 P.2d 1302, 1305 (Ariz. 1994) (in banc). Under Arizona law, lesser included instructions are appropriate if "the jury could rationally fail to find the distinguishing element of the greater offense." *Id.* Here, the jury could rationally have found that the state did not prove that DeBarge acted intentionally or knowingly, as opposed to recklessly, which is the distinguishing element of the offense that DeBarge was charged with. *Compare* Ariz.Rev.Stat. 13–3623 A.1 with Ariz. Rev.Stat. 13–3623 A.2. If the jury had been given the opportunity to convict DeBarge of a lesser included offense, it is reasonably probable that it would have done so, particularly given the jury's specific inquiry as to possibility of convicting the defendant on a lesser charge.

For these reasons, we conclude that DeBarge's counsel was constitutionally ineffective in failing to request proper jury instructions, and that DeBarge was prejudiced by his counsel's deficient performance. Because DeBarge is entitled to habeas relief under this theory, we need not reach any other issue urged by the parties.

AFFIRMED.