**Hilario NORBERTO TORRES, Petitioner—Appellant,**

v.

**Ernie ROE, Warden, Respondent— Appellee.**

**No. 01–56588.**

**D.C. No. CV–00–00744–DOC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Dec. 19, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM**

Petitioner Hilario Torres appeals the district court's denial of his *habeas* petition. He argues that he was denied effective assistance of counsel when his attorney waived lesser included offense and defense-related jury instructions that were inconsistent with Petitioner's trial testimony that he was not at the scene of the crime. Because the facts are known to the parties, we do not recite them here. We affirm.

I. *The Antiterrorism and Effective Death Penalty Act of 1996 governs Petitioner's claim.*

Petitioner filed his federal *habeas* petition after April 24, 1996. Therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review[1] of the state court's determination that counsel's actions were reasonable under *Strickland v. Washington*.[2]

II. *The AEDPA standard of review defeats Petitioner's claim.*

Assuming that Petitioner could show that his counsel rendered ineffective assistance at trial, Petitioner would then need to establish that the state court's decision "was contrary to, or involved an unreasonable application of clearly established Fed-

---

\* The Honorable William W. Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Lindh v. Murphy*, 521 U.S. 320, 335–36, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (stating that petitions filed after AEDPA's effective date are subject to its provisions).

2. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although the state court did not cite *Strickland*, it need not do so, and its determination that counsel's performance was "reasonable" is consistent with *Strickland's* first prong, *id.* at 687, and certainly not "contrary to" *Strickland*. *See* 28 U.S.C. § 2254(d)(1) (2002).

eral law" or "was based on an unreasonable determination of the facts in light of the evidence presented."[3] Petitioner has failed to make either showing.

The state court concluded that counsel's decision not to request the jury instructions was a reasonable tactical choice given Petitioner's decision to testify that he was not at the scene.[4] In order to grant the petition, we would need to conclude, not that Petitioner's legal conclusion is better than that reached by the state court, but that the state court's conclusion is so clearly wrong as to be unreasonable.[5]

A. *Under AEDPA, we defer to the state court's conclusion that counsel's selection of the defense was reasonable.*

The state court concluded that trial counsel acted reasonably in resting Petitioner's defense on Petitioner's testimony that he was not at the scene of the crime. If the jury had believed Petitioner, then he would have been absolved of all participation in the crimes that night. Only one witness testified that Petitioner was present at the scene. His testimony was susceptible to impeachment because he had given previous inconsistent statements to the police and was testifying in exchange for the state's agreement not to prosecute him for murder. Therefore, we cannot say

that the state court's conclusion is so unreasonable that it requires reversal.[6]

Neither *Phillips v. Woodford*[7] nor *Johnson v. Baldwin*[8] require us to overturn the state court's conclusion that the selection of the defense was reasonable. Both of these cases found ineffective assistance for selecting a weak defense over a stronger one, but both relied upon the fact that counsel failed to investigate in order to make an informed choice in selecting the defense.[9] In addition, *Johnson* did not involve AEDPA deference to the state court's conclusions.[10] In this case, Petitioner does not allege that inadequate investigation led to his counsel's decision to present a defense consistent with Petitioner's version of the events. Indeed, the record reflects that counsel listened to Petitioner's story, reviewed the evidence in the case, went back to Petitioner and confronted him about the inconsistencies between his version of the events and the other evidence, and Petitioner still insisted upon testifying.

B. *Because counsel's selection of defense was reasonable, counsel's waiver of inconsistent jury instructions did not deny Petitioner effective assistance of counsel.*

As discussed above, AEDPA does not allow us to overturn the state court's conclusion that counsel's selection of the de-

---

**3.** 28 U.S.C. § 2254(d). "[I]n order for a state court's application of federal law to be unreasonable, it must have been clearly erroneous." *Weighall v. Middle,* 215 F.3d 1058, 1062 (9th Cir.2000).

**4.** *See Strickland,* 466 U.S. at 689 (holding that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy") (internal quotation marks omitted).

**5.** *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000). *Cf. Williams v. Taylor,* 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d

389 (2000) (O'Connor, J., concurring) ("[T]he most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

**6.** *Van Tran,* 212 F.3d at 1153–54.

**7.** 267 F.3d 966 (9th Cir.2001).

**8.** 114 F.3d 835 (9th Cir.1997).

**9.** *Id.* at 839–40; *Phillips,* 267 F.3d at 977–80.

**10.** *Johnson,* 114 F.3d at 839 n. 2.

fense was reasonable. Our determination of this predicate issue effectively resolves this appeal. Now, in our analysis of whether Petitioner's counsel was constitutionally ineffective when he waived the jury instructions that were inconsistent with Petitioner's testimony, we must presume that counsel's selection of the defense was reasonable. Working under this presumption, we cannot then conclude that counsel's decision to waive inconsistent jury instructions constituted ineffective assistance.[11] Petitioner's counsel stated that his decision to waive these jury instructions was a tactical choice not to contradict his client's testimony and risk conveying to the jury that Petitioner's own lawyer believed he was lying.[12] The state court thus reasonably concluded that counsel had no obligation to request jury instructions inconsistent with the otherwise reasonable defense.

Petitioner relies upon *United States v. Span*[13] to support his claim. Petitioner's reliance upon *Span* is misplaced; in that case, this court found that counsel had provided ineffective assistance because counsel's misunderstanding of the law resulted in his failure to request an excessive force jury instruction.[14] Thus, counsel's decision in *Span* to forego the instruction was simply erroneous, not strategic.[15] In this case, no evidence suggests that coun-

sel's decision was premised upon a misunderstanding of the law.

AFFIRMED.

---

**11.** *See Butcher v. Marquez,* 758 F.2d 373, 376–77 (9th Cir.1985) (concluding that counsel's failure to seek jury instructions inconsistent with his reasonable choice of defense does not constitute ineffective assistance of counsel); *see also Turk v. White,* 116 F.3d 1264, 1266–67 (9th Cir.1997) (concluding that once counsel reasonably selects a defense, failing to present an alternative and inconsistent defense is not ineffective assistance of counsel).

**12.** *Cf. Butcher,* 758 F.2d at 376–77 (noting that counsel's decision not to request jury instructions was based upon a reasonable be-

lief that requesting such instructions would be harmful to the client).

**13.** 75 F.3d 1383 (9th Cir.1996).

**14.** *Id.* at 1389–90.

**15.** *Id.* Further, in *Span,* this court was reviewing a federal criminal conviction; therefore, no deference under AEDPA was due. *Id.* at 1385.

