Ronald William SMITH, Petitioner—Appellant,

v.

Terry L. STEWART, Respondent—Appellee.

No. 02–17126.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**926**

Submitted Sept. 12, 2003.*

Decided Sept. 16, 2003.

John W. Rood, Attorney at Law, Phoenix, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Esq., Robert J. Walsh, Esq., Phoenix, AZ, for Respondent–Appellee.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

A defendant asserting that he received ineffective assistance of counsel under the Sixth Amendment must show 1) that counsel's performance was deficient and 2) that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel has leeway to make strategic decisions at trial and "need not request instructions inconsistent with its trial theory." *Butcher v. Marquez*, 758 F.2d 373, 377 (9th Cir.1985). Smith's explicit defense, stated in his own testimony at trial, was that he did not touch the private parts of the girls, either purposely or inadvertently. Smith's defense counsel made a tactical decision not to seek a jury instruction on a lack of sexual interest motive because he believed that arguing accidental touching would undermine Smith's credibility. This decision was a reasonable strategic choice and does not amount to ineffective assistance of counsel. Furthermore, Smith's counsel was aware that the jury instructions require the conduct to be "knowing." Thus, even though he did not undermine his argument that "it never happened" with the inconsistent argument that "if it did happen, it was an accident," the "knowingly" instruction would have enabled the jury to acquit if it believed that only accidental touching occurred.

We therefore conclude that the state court's decision that defense counsel did

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not provide ineffective assistance of counsel neither was contrary to, nor involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). The district court's denial of Smith's petition for habeas corpus is **AFFIRMED**.