Anthony TREVINO, Petitioner–
Appellant,

v.

Michael EVANS, Respondent–Appellee.

No. 07–56625.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Feb. 13, 2009.

Before: FARRIS and WARDLAW,
Circuit Judges, and SCHWARZER,*
District Judge.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Anthony Trevino, a state prisoner, timely appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Trevino was convicted of first degree murder, conspiracy to shoot at an unoccupied vehicle, and shooting at an unoccupied vehicle in relation to a drive-by shooting. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

### I.

We review the denial of a habeas petition de novo and the district court's findings of fact for clear error. *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir.2008). An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo. *Lankford v. Arave*, 468 F.3d 578, 583 (9th Cir.2006).

### II.

■ Trevino claims that trial counsel provided ineffective assistance by objecting to accomplice jury instructions. Trevino was originally charged with three co-defendants: Joseph Kinsey, Robert Connelly, and Carlos Gutierrez. Kinsey pled guilty to a misdemeanor charge of shooting at a vehicle and testified for the prosecution at trial, which proceeded against the other three men.

To establish ineffective assistance, Trevino must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir.2002). Deficient performance is one that falls below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, and is "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052. Our review of counsel's performance is "highly deferential," and we view the facts from the "counsel's perspective at the time," not in hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Counsel's decision to object to the accomplice instructions was not unreasonable and does not constitute deficient performance.[1] *See id.*; *Butcher v. Marquez*, 758 F.2d 373, 376–77 (9th Cir.1985) (no ineffective assistance where counsel strategically chose not to request a specific instruction and the record showed that this was reasonable). Counsel objected so that Kinsey's plea bargain, which included promises to tell the truth while testifying, would not be presented to the jury. He told the trial judge that he was making a "tactical" decision and chose to attack Kinsey's credibility during cross examination and closing arguments. Because counsel's decision to object to accomplice instructions was tactical and not deficient, we need not reach whether prejudice was established. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Rios*, 299 F.3d at 805.

### III.

■ Trevino next argues that counsel provided ineffective assistance by failing to move to sever based on inconsistent defenses for a second time. The trial court

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Our review of the trial court transcripts confirms that counsel's performance was not deficient.

previously denied a motion to sever, instead redacting the codefendants' statements to remove those incriminating Trevino.

Though counsel's failure to move for severance a second time may have constituted deficient performance, *see Hernandez v. Cowan,* 200 F.3d 995, 999 (7th Cir. 2000), Trevino was not prejudiced by counsel's performance. Trevino does not establish a reasonable probability that, but for counsel's failure to file a second motion to sever, the verdict would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

The court must consider the "totality of the evidence" before the jury in examining prejudice. *Id.* at 695, 104 S.Ct. 2052; *Reynoso v. Giurbino,* 462 F.3d 1099, 1116 (9th Cir.2006); *see Rios,* 299 F.3d at 808–809. The evidence against Trevino is strong. The government found a loaded nine millimeter handgun in Trevino's bedroom; the casings from the crime scene matched this weapon. Kinsey testified that Trevino stated that he shot at the victim because he thought the victim might have seen his face or Connelly's license plate. Testimony by various witnesses indicated that after shooting the Chevrolet Blazer, Trevino fired a second series of shots, one of which hit and killed the victim. A security guard at the mall where the men picked up Gutierrez testified that Trevino asked for a "nine" in the parking lot before returning to the mobile home park and Kinsey testified that he saw Trevino with a gun in the parking lot. After returning to the mobile home park, the four men initially got into Gutierrez's car and drove to the Blazer, but then exited the park and got into Connelly's car and returned to the Blazer. At Connelly's apartment after the drive-by, Connelly's girlfriend overheard Trevino saying that his hand was shaking when the gun went off.

Trevino contends that but for counsel's failure, he would have been convicted of a lesser offense than first degree murder because in a separate trial, the statements of Gutierrez and Connelly would not have been admissible. We need not reach whether the statements of Gutierrez and Connelly would have been admitted in a separate trial because other evidence of premeditation would have been admitted including Kinsey's testimony, the security guard's testimony, the back and forth trips to the Blazer, and the two series of shots. In conclusion, Trevino did not receive ineffective assistance based on counsel's failure to move to sever because no prejudice resulted.

### IV.

Finally, Trevino contends that by denying counsel's continuance requests, the trial court deprived counsel of a reasonable opportunity to prepare, which violated Trevino's rights to due process and counsel. The trial court did not abuse its "broad discretion" in denying the continuances where counsel told the trial court that he was ready to proceed when he substituted into the case, a one week continuance was granted, and counsel ultimately got fourteen of the thirty days requested. *See Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *Houston v. Schomig,* 533 F.3d 1076, 1079–80 (9th Cir.2008).

**AFFIRMED.**