FILED

NOT FOR PUBLICATION

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| JOHN PHET, | ) | No. 08-35914 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 3:07-CV-05493-RBL |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ELDON VAIL, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 2, 2010
Seattle, Washington

Before:    B. FLETCHER, FERNANDEZ, and BYBEE, Circuit Judges.

John Phet appeals the district court's denial of his petition for habeas corpus

relief.  See 28 U.S.C. § 2254.  We affirm.

Phet asserts that the state trial court's admission of expert testimony on

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

gangs and Phet's gang affiliation violated his constitutional rights[1] as a matter of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Richter v. Hickman, 578 F.3d 944, 950–51 (9th Cir. 2009) (en banc). We disagree.

Initially, we were inclined to hold, as did the district court, that Phet failed to exhaust his state remedies regarding that claim.[2] Although he did most likely present the First Amendment portion of his claim to the Washington Court of Appeals, which, in any event, decided the issue,[3] it is at least questionable whether he presented that claim to the Washington Supreme Court, as he was required to,[4] and even less likely that he presented his due process claim to either court. Nevertheless, we need not decide that issue because, in any event, we can deny the

---

[1]He asserts that his rights under the First (associational rights) and Fourteenth (due process rights) Amendments to the United States Constitution were violated.

[2]See Duncan v. Walker, 533 U.S. 167, 178–79, 121 S. Ct. 2120, 2127–28, 150 L. Ed. 2d 251 (2001); Duncan v. Henry, 513 U.S. 364, 366, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995); Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 998–99 (9th Cir. 2005); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999).

[3]See Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002).

[4]See Baldwin v. Reese, 541 U.S. 27, 31, 124 S. Ct. 1347, 1350, 158 L. Ed. 2d 64 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734, 144 L. Ed. 2d 1 (1999).

2

petition on the merits.[5] We will do so. Simply put, we do not sit to parse state evidentiary rulings,[6] except for the limited purpose of ascertaining whether the admission of evidence was so lacking in a nexus to the issues of the case that the trial was rendered fundamentally unfair,[7] or that the evidence bore no relationship to the issue being tried.[8] Given the evidence in this case, we cannot say that either exception applies to the admission of the gang expert testimony (including the admission of photographs of Phet, which illustrated his gang affiliation). In fine, the decisions of the Washington state courts were not objectively unreasonable. See Lockyer v. Andrade, 538 U.S. 63, 76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003); Williams v. Taylor, 529 U.S. 362, 409–10,120 S. Ct. 1495, 1521–22, 146 L. Ed. 2d 389 (2000). Thus, the district court did not err.[9]

AFFIRMED.

---

[5]See 28 U.S.C. § 2254(b)(2).

[6]See Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Swan v. Peterson, 6 F.3d 1373, 1382 (9th Cir. 1993).

[7]See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991); see also Dowling v. United States, 493 U.S. 342, 352–53, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708 (1990); Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir. 1985).

[8]See Dawson v. Delaware, 503 U.S. 159, 163–65, 112 S. Ct. 1093, 1096–97, 117 L. Ed. 2d 309 (1992).

[9]Phet also asks us to consider and resolve an uncertified issue regarding exclusion of some evidence. We decline so to do. See Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000); Rhoades v. Henry, 598 F.3d 511, 518 (9th Cir. 2010).