

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUI

| | |
|---|---|
| STEPHEN RICHARD MILLER,<br><br>           Petitioner-Appellant,<br><br>  v.<br><br>MARK NOOTH,<br><br>           Respondent-Appellee. | No. 09-35984<br><br>D.C. No. 3:08-cv-00620-MA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted November 3, 2010*
Portland, Oregon

Before: ALDISERT,*** W. FLETCHER and FISHER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Stephen Richard Miller appeals from the District Court's denial of his 28 U.S.C. § 2254 Petition for Habeas Corpus. Miller presents a single claim of ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments, contending that the Oregon post-conviction court unreasonably applied the clearly established law of *Strickland v. Washington*, 466 U.S. 668 (1984). We affirm.

Miller contends that he was denied effective assistance of trial counsel because his counsel (1) failed to request a lesser-included offense jury instruction and (2) failed to communicate properly with him regarding that decision. We have found ineffective assistance of counsel for failing to request a jury instruction in situations in which there was not even a plausible strategic explanation for counsel's failure to request the instruction. *E.g.*, *United States v. Alferahin*, 433 F.3d 1148, 1161 (9th Cir. 2006). Here, in comparison, not only is there a plausible explanation, there is an actual explanation: one of the attorneys averred that, after consulting with Miller, they jointly made a strategic decision to pursue an "all-or-nothing" approach to obtain an outright acquittal. Such an approach was compatible with the law and the evidence presented at trial. Regarding the alleged failure to communicate, Miller has offered no evidence to rebut the post-conviction court's factual finding that the decision to forgo requesting a lesser-included

offense instruction was jointly made by Miller and his counsel. Accordingly, we hold that Miller was not denied effective assistance of counsel.

Because we determine that counsel's performance was not deficient, we do not reach *Strickland*'s prejudice prong. *See, e.g.*, *Butcher v. Marquez*, 758 F.2d 373, 377 (9th Cir. 1985).

We hold that the Oregon post-conviction court did not unreasonably apply the clearly established law of *Strickland v. Washington*, and we therefore affirm the District Court's denial of Miller's Petition for Habeas Corpus.

**AFFIRMED.**