NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTHEW R. RUTH,

Petitioner-Appellant,

v.

PATRICK R. GLEBE,

Respondent-Appellee.

No. 16-35837

D.C. No. 2:15-cv-00533-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted December 4, 2017[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and BOULWARE,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

After a jury trial, Matthew Ruth ("Petitioner") was convicted of two counts of first-degree assault under Washington state law on December 9, 2004, with a special verdict finding that he used a deadly weapon. Petitioner filed a timely federal habeas petition on April 3, 2015. The magistrate judge issued a Report and Recommendation denying the petition, which was adopted by the district court. For the reasons stated below, we affirm.

1. Petitioner argues that the state prosecutor made comments in closing argument that implied that Petitioner had a legal duty to retreat when faced with a threat, undermining his self-defense theory. He further argues in his federal habeas petition that the Washington Court of Appeals erred in its application of clearly established federal law to his claim. A federal court may not grant a state prisoner's habeas application unless the relevant state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner has not met the high burden of proving that the state court's determination was unreasonable under the federal habeas standard. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Petitioner argues that the state court erred in its application of federal law by relying upon an improper test that merely "compar[ed] the quantity of proper argument to the quantity of improper

2

argument in the prosecutor's summation alone." However, the state court did not base its decision on a strict comparison of the quantum of improper versus proper argument. Rather, the state court considered the import of the prosecutor's alleged improper statements in the "context" of the overall argument made by the prosecutor, which is an appropriate consideration under *Darden*. 477 U.S. at 179. The state court's analysis of the prosecutor's statements did not unreasonably apply established federal law by relying upon an improper test.

Additionally, we do not find that the state court unreasonably applied federal law when it determined that the prosecutor's improper statements were not prejudicial since "the main focus of the prosecutor's argument was that Ruth did not have reasonable grounds to believe that he was being attacked." It was not objectively unreasonable for the state court to conclude that, in light of all of the circumstances of the case, Petitioner failed to demonstrate that the prosecutor's statement had a substantial impact on the jury's verdict. "Isolated passages of a prosecutor's argument, billed in advance to the jury as a matter of opinion not of evidence" rarely have a significant impact on jury deliberations. *Donnelly v. DeChristoforo*, 416 U.S. 637, 646 (1974). We therefore find it was not contrary to or an unreasonable application of clearly established law for the state court to find that any misleading effect of the prosecutor's comment was outweighed by the primary arguments of the prosecutor's closing, the trial court's direction that the jury

3

would make their own determination, and the trial court's instruction that the attorneys' arguments are not evidence.

2. The state court did not violate clearly established law when it denied Petitioner's ineffective assistance of counsel claim based on the failure of Petitioner's trial attorney to request a lesser-included offense instruction for assault in the second degree. Under clearly established law, an ineffective assistance of counsel claim requires (1) proof that trial counsel's performance "fell below an objective standard of reasonableness," and (2) that prejudice resulted from this deficiency due to a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Importantly, when considering an ineffective assistance of counsel claim on federal habeas review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

Petitioner contends that because he may have been entitled to a second-degree assault instruction and because such an instruction may have led to a reduced sentence, it was objectively unreasonable for trial counsel not to request it. As Petitioner recognizes, however, a defense attorney may make a "strategic decision" not to request a lesser-included offense instruction. *See Matylinsky v. Budge,* 577 F.3d 1083, 1092 (9th Cir. 2009); *see also Butcher v. Marquez,* 758 F.2d 373, 376

4

(9th Cir. 1985) ("Under the *Strickland* test, counsel's strategic choice to forgo [a lesser-included] instruction for voluntary manslaughter was reasonable because counsel had good cause to believe that further efforts to obtain such an instruction would harm [the defendant's] case."). Indeed, we have recognized that it can "be reasonable for a defense attorney to opt for an 'all-or-nothing' strategy, forcing the jury to choose between convicting on a severe offense and acquitting the defendant altogether." *Crace v. Herzog*, 798 F.3d 840, 852 (9th Cir. 2015). And Petitioner bears the burden of demonstrating that his attorney's decision not to request the instruction was not a "reasonable strategic decision." *Matylinksy*, 577 U.S. at 1092. Petitioner has not met his burden of demonstrating that his attorney's decision not to request the lesser-included instruction was not a strategic choice. Merely arguing, as Petitioner does, that it would have been a sound strategic decision to request the lesser-included instruction does not establish that it was unreasonable for Petitioner's trial attorney not to request it. We thus find it was not contrary to or an unreasonable application of clearly established law for the state court to find that Petitioner's trial attorney's decision not to request a lesser-included instruction was a matter of trial strategy.

3. The state court also did not violate clearly established law when it denied Petitioner's other ineffective assistance of counsel claim because it found that Petitioner was not prejudiced by his trial counsel requesting a self-defense

5

instruction that has been disapproved of by the Washington Supreme Court. Although the jury instruction ultimately used at trial referenced the higher standard of "great bodily harm," which is defined in the first-degree assault instruction, Petitioner was not prejudiced. Petitioner's theory of defense was actually consistent with, and not undermined by, the higher standard of great bodily harm. Petitioner argued that he believed that the two victims were coming to rape his girlfriend and kill him and his girlfriend. If the jury believed his testimony, they would have found it reasonable for him to believe that he or another was in actual danger of great bodily harm. As Petitioner's theory of defense would not have been negatively impacted by the instruction given, he cannot demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We thus find that it was not contrary to or an unreasonable application of clearly established law for the state court to hold that Petitioner was not prejudiced by this jury instruction.

4. The state court did not violate clearly established law under the Sixth Amendment when it found that there was no constitutional error as a result of Petitioner's trial counsel not being present when the trial court responded to a jury question. Under clearly established Supreme Court precedent, a trial is presumptively unfair if the defendant was denied counsel at "a critical stage." *United States v. Cronic*, 466 U.S. 648, 659 (1984). The Supreme Court has generally

6

defined a critical stage as "a step of a criminal proceeding, such as arraignment, that held significant consequences for the accused." *Bell v. Cone*, 535 U.S. 685, 696 (2002). The state court's failure to treat the jury's request for evidence as a critical stage was not an unreasonable application of or contrary to clearly established law because no Supreme Court case has yet held that the formulation of a court's response to a question from the jury is necessarily a critical stage of a trial.

Moreover, even assuming that the formulation of a response to a jury's question can be a critical stage where the formulation would have "significant consequences for the accused," the facts of this case do not meet that standard. *Id.* The jury was not requesting further instruction on a substantive legal issue or evidentiary interpretation that defense counsel might have contributed to; rather, the jury was simply requesting an opportunity to view certain transcripts. As these transcripts had never been entered into evidence, the trial judge gave the jury the *only response* that could have been provided under the circumstances. This interaction did not hold "significant consequences" for the Petitioner and he has not identified any such "significant consequences" for his defense at trial. *Id.* We therefore hold that it was not contrary to or an unreasonable application of clearly established law for the state court to find that there was no constitutional error created by the absence of Petitioner's trial counsel during this interaction.

5. The Court declines to address the uncertified issue briefed by Petitioner.

7

**AFFIRMED.**